## LANDIS v. LANDIS.

HUSBAND AND WIFE—MORTGAGES—FRAUD.

Complainants, heirs at law of defendant's deceased husband, filed a bill to revive a mortgage given by defendant to deceased, and alleged to have been fraudulently destroyed. Defendant admitted that she gave the mortgage as security for the payment of the purchase price of the lands covered thereby, but claimed that it was destroyed in the lifetime of the deceased, with his knowledge and consent. Deceased was shown to have been a man of weak intellect. The court found with the complainants, and declared the amount of the mortgage to be a lien upon the premises.

Appeal from Kent; Grove, J. Submitted April 16, 1897. Decided June 7, 1897.

Bill by Lorenzo Landis and others against Maggie Landis to annul a marriage, to set aside certain deeds, and to revive a mortgage alleged to have been fraudulently destroyed. From a decree dismissing the bill, complainants' appeal. Reversed.

*Dwight Goss*, for complainants.

*Wylie & Clapperton* (*Dunham & Preston*, of counsel), for defendant.

LONG, C. J. The defendant, Maggie Landis, married one Samuel Landis in the year 1888. He was then 71 years of age, and she about 30. Samuel Landis had been married before, his wife dying in the year 1885. By the first marriage he had several children, who are the complainants here. The bill in this case is filed for several purposes:

1. To set aside and declare void the marriage between Samuel Landis and the defendant on the ground of fraud.

2. To set aside several conveyances made by Samuel Landis to the defendant.

3. To revive a mortgage of $3,000 made by defendant to Samuel Landis.

The court below dismissed the bill, with costs against the complainants.

The bill sets up substantially that, when Samuel Landis married the defendant, he had property of about the value of $10,000; that after the death of his wife, in 1885, he became weak in mind; that the defendant married him to obtain his property and estate by undue influence and corrupt methods; that a deed of 40 acres was obtained by her by fraud and undue influence; that said deed conveyed only 20 acres, and afterwards was changed by defendant to include 40 acres; that the title to a house and lot in Grand Rapids was obtained by fraud and undue influence, as well as a deed of 80 acres of land which was conveyed by Samuel Landis to defendant. It is also contended that, at the time said deed to the 80 acres was made and delivered by Samuel Landis to defendant, a mortgage of $3,000 upon the same premises was made by her to Samuel Landis to secure the payment of part of the purchase money, and that she took the deed and mortgage, promising to have them both recorded in the office of the register of deeds; that she recorded the deed, but destroyed the mortgage. It is therefore sought by this bill to revive this mortgage. This deed and mortgage were given on September 19, 1891.

The court below, in determining the case, filed a written opinion, which is set out in the record. While we concur with that court in most of the conclusions reached, and think the marriage cannot be set aside, and that there is not sufficient evidence from which to find that the deed of the 40 acres was changed from 20 to 40, or that the deed to the 80 acres was fraudulently obtained, yet we are of the opinion that the mortgage of $3,000 upon the 80 acres was fraudulently destroyed, and that, by the undue influence which the defendant exercised over Samuel

Landis in his lifetime, he was kept from asserting his rights thereunder. Defendant does not deny the execution of the mortgage, and that she destroyed it, but claims it was kept off the record under an understanding with Samuel Landis, and eventually destroyed with his knowledge and consent. Samuel Landis was a man of weak mind, and there can be no question that when the mortgage was executed it was the expectation of both parties that it should stand as security upon the 80 acres for the payment of the $3,000. We are led to believe, however, by the testimony, that he never consented to its destruction.

The decree below will be reversed. The proceedings will be certified to the court below, and further testimony taken, if necessary, to ascertain the time when the mortgage was to come due and the rate of interest; the amount of the $3,000, with interest, to be made a lien upon the premises from the date the mortgage was given, and such decree to stand in place of the mortgage, and to be recorded as such. Complainants will recover their costs of both courts.

The other Justices concurred.